# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-23741-WILLIAMS/TORRES

ZELMA SIPLIN,

       Plaintiff,

v.

CARNIVAL CORPORATION,

       Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNTIMELY EXPERT WITNESS

This matter is before the Court on Zelma Siplin's ("Plaintiff") motion to strike against Carnival Corporation ("Defendant") for an untimely disclosure of an expert witness. Defendant responded to Plaintiff's motion on May 31, 2018. [D.E. 39]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED**.

### *I.    APPLICABLE LEGAL PRINCIPLES AND LAW*

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure must include "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert

1

testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must also contain the following information: a complete statement of all the opinions the expert plans to express and the basis for them, the data considered by the expert in forming the opinions, any exhibits intended to be used in summarizing or supporting the opinions, the experts' qualifications including a list of all authored publications in the previous ten years, a list of all the other cases in which the witness testified as an expert during the previous four years, and a statement of the compensation the expert is to receive for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454 (2006). To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports. In relevant part, Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt,* 2001 WL 118617(M.D. Fla. Jan. 24, 2001) (quotation and citation omitted). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005). The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *See Surety Assocs., Inc. v. Fireman's Fund Ins. Co.,* 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003).

## II. ANALYSIS

Plaintiff's motion aims to strike Defendant's untimely disclosure of its expert witness. As background, the Court entered its Scheduling Order [D.E. 10] on December 4, 2017 and set a deadline of February 21, 2018 for Defendant to disclose its expert witnesses.[1] The deadline for both parties to exchange rebuttal expert reports was also set for one week later – February 28, 2018. On February 21, 2018, the parties filed a joint motion to extend the time for *Plaintiff* to disclose her experts to March 7, 2018.[2] [D.E. 23]. The Court granted the motion and stated that no further extensions of time would be granted. [D.E. 25]. On March 30, 2018,

---

[1] The initial Scheduling Order set a discovery cutoff of April 27, 2018. The Court later extended that deadline until May 25, 2018.

[2] Defendant noticeably did not seek an extension of time to disclose its own experts.

3

Plaintiff appeared for a compulsory medical examination and Dr. Sinnreich generated a report on April 9, 2018. Defendant emailed the report to Plaintiff on April 16, 2018. Three weeks later – on May 7, 2018 – Defendant disclosed Dr. Sinnreich as its expert witness.

The thrust of Plaintiff's motion is that Defendant's expert witness disclosure on May 7, 2018 is nearly three months late and that Defendant never disclosed that Dr. Sinnreich would be an expert in this case. Plaintiff also claims that Defendant's untimely submission is prejudicial because discovery closed on May 25, 2018 and Plaintiff has no opportunity to depose Dr. Sinnreich or prepare a *Daubert* motion without another extension of the Court's pre-trial deadlines (which the Court has previously stated will not be granted). Because Defendant disregarded the Court's Scheduling Order and failed to disclose its expert witness in a timely manner, Plaintiff concludes that its motion to strike must be granted.[3]

Defendant argues in response that its failure to seek additional time to disclose its expert was a scheduling oversight and that it was the result of some unspecified difficulty in arranging Plaintiff's compulsory medical examination. In any event, Defendant suggests that its oversight should be excused because its failure to comply with the Court's Scheduling Order was harmless. For example, Defendant claims that Plaintiff should have known that Dr. Sinnreich would be an expert witness in this case because Plaintiff received his medical report on April 16,

---

[3] Plaintiff further suggests that Defendant's disclosure is defective because it fails to include all of the necessary items – including a curriculum vitae of the expert, a list of prior trial and deposition testimony, and a fee/retainer agreement.

4

2018 – well before the discovery cutoff on May 25, 2018.  Defendant also believes that Plaintiff was aware of Dr. Sinnreich as far back as March 30, 2018 when the medical examination took place.  Because Plaintiff has suffered no prejudice or harm as a result of Defendant's failure to disclose its expert witness, Defendant concludes that Plaintiff's motion must be denied.

After full consideration of the arguments presented, Plaintiff's motion is well taken because Defendant – by its own admission – failed to comply with the Court's Scheduling Order and never filed a motion for extension of time to disclose its own expert.  Indeed, under the Court's Scheduling Order, Defendant had to disclose its expert witness by February 21, 2018 (or February 28, 2018 for a rebuttal expert).  But, Defendant failed to do so even when it mutually agreed on February 21, 2018 that Plaintiff should be given additional time to disclose its expert witness.

To excuse its failure, Defendant claims that it had difficulty arranging Plaintiff's medical examination and that Plaintiff suffered no prejudice as a result of Defendant's actions.  Yet, Defendant's argument is unpersuasive because Defendant waited until April 16, 2018 to serve its expert report and now discovery has closed leaving Plaintiff without the chance to depose the expert witness.  And although Defendant believes that its actions have not prejudiced Plaintiff, there is an abundance of cases that suggest otherwise.  *See, e.g. Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 684 (M.D. Fla. 2010) ("Plaintiffs' delay in designating Mr. Thompson as their expert leaves Liberty Mutual without the chance to depose this expert witness.") (citing *Smith v. Jacobs Eng'g Group, Inc.*, 2008 WL 5351047, at *3

(N.D. Fla. Mar. 20, 2008) (prejudice found when required disclosures were made after the discovery period had lapsed); *Hubbard v. Edwards,* 2006 WL 2557904 (M.D. Ga. Sept. 1, 2006) (same)). This means, "[a]bsent the reopening of discovery and the attendance delay of trial . . . the self-executing nature of Rule 37(c)(1) should be preserved." *Hewitt*, 268 F.R.D. at 684 (citing *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 2009 WL 1043974 (M.D. Fla. Apr. 17, 2009)); *see also Smith,* 2008 WL 5351047, at *3.

Defendant's excuse that it encountered difficulty in scheduling a medical examination of Plaintiff is also unconvincing because it is conclusory in nature, and bears no relationship to the untimely disclosure of Defendant's expert witness. Making matters worse, Defendant argues that Plaintiff should have known that Dr. Sinnreich would serve as an expert in this case as far back as on March 30, 2018. But, that contention undermines Defendant's own argument because the latest deadline for Defendant to disclose its expert was February 28, 2018. In other words, if Plaintiff should have known of Defendant's expert as early as March 30, 2018, that date is still over one month after the deadline passed in the Court's Scheduling Order. And Defendant offers no explanation on why that delay should be excused. In any event, even if we accepted Defendant's conclusory contention that scheduling Plaintiff's examination resulted in a scheduling oversight, Defendant's argument still fails because it clearly had notice of the Court's deadlines when it consented to Plaintiff receiving an extension of time to disclose expert witnesses.

As for Defendant's suggestion that Plaintiff should have known that Dr. Sinnreich would be an expert witness in this case, Defendant's misunderstands the purpose of the Federal Rules. The importance of observing deadlines contained in a Scheduling Order is recognized in Rule 16(b), where it provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). The Advisory Committee notes to Rule 16 also point out that "[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Furthermore, the Eleventh Circuit has found that "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *White v. Volvo Trucks of N. Am., Inc.*, 211 F.R.D. 668, 670 (M.D. Ala. 2002) (quoting *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998)). And where a party fails to abide by the deadlines for disclosure in a Scheduling Order, merely demonstrating a lack of prejudice to the opposing party is insufficient to justify late disclosures. *Id.*

Here, there is nothing in Defendant's response that establishes good cause for Defendant's failure to comply with the deadline set in the Court's Scheduling Order. And Defendant has failed to explain how it exercised due diligence in disclosing its expert when the time for discovery has now passed. We acknowledge that untimely expert disclosures may in some circumstances be excused depending on the length of the delay, but motions to strike have routinely been granted in cases involving a two month delay. *See, e.g.*, *Ballard v. Krystal Restaurant,* 2005 WL 2653972 (M.D.

7

Ala. Oct. 17, 2005) (granting defendant's motion to strike because plaintiff waited two and a half months to disclose its expert); *White*, 211 F.R.D. at 670 (granting defendants' motion to strike because plaintiff disclosed an expert witness seven weeks late).

We therefore conclude that Defendant's failure to timely disclose its expert was not substantially justified or harmless. Accordingly, Plaintiff's motion to strike is **GRANTED** and Defendant will not be allowed to rely on the opinion of Dr. Sinnreich or any of his expert testimony for the purposes of this case.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike Defendant's untimely expert witness is **GRANTED**. [D.E. 37].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of June, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge