THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-CV-23741-KMW

ZELMA SIPLIN,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S MOTION *IN LIMINE*

Plaintiff, ZELMA SIPLIN, by and through her undersigned counsel and pursuant to the applicable Federal Rules of Evidence and the Federal Rules of Civil Procedure, along with this Court's Scheduling Order [D.E. 10] and Southern District Local Rule 7.1(a)(3), hereby files her Motion *in Limine*, and in support thereof states as follows:

Plaintiff moves this Court to exclude questioning, testimony, evidence, or argument regarding the irrelevant and/or prejudicial matters identified below.  Fed. R. Evid. 401; 402; 403. It is anticipated that Defendant, by and through its counsel and/or witnesses, will attempt to argue, solicit testimony, make reference to, or admit evidence of the following matters, which have no bearing on the issues in this case, or would otherwise cause undue prejudice or confuse the jury, and should be held inadmissible for any purpose:

    1. **The topics noticed by Plaintiff pursuant to Rule 30(b)(6), on which a Carnival corporate representative was not produced for deposition.**

Despite Plaintiff's compliance with Rule 30(b)(6) [*see* Exhibit "A," Notice of Deposition], and several opportunities to do so, Defendant failed to identify and produce a Carnival

representative to respond to certain areas of inquiry in Plaintiff's Rule 30(b)(6) Notice of Deposition. *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) ("If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations …."). The areas of inquiry at issue here are 19, 39, 40, and 57, which pertain to Carnival's policies and procedures regarding the maintenance, cleaning, inspection, repair, replacement, and upkeep applicable to the tile floor of the vessel where Plaintiff was injured. *See* Exhibit "A".

Specifically, Defendant failed to advise Plaintiff's counsel that its initial Rule 30(b)(6) witness, Ms. Monica Petisco, could not testify as to certain areas until the morning of the deposition [*see* Exhibit "B," Petisco Depo. 6-11; and Exhibit "C," ambiguous e-mail]; the initial Rule 30(b)(6) deposition was continued twice [*see* Depo. Notices attached hereto as Exhibit "D"]; defense counsel identified another Carnival employee that may possibly be produced [*see* Exhibit "E," Petisco Depo. 129-30]; however, said Carnival employee was produced a week prior to the close of discovery, but <u>not</u> to testify as to the remaining 30(b)(6) areas of inquiry [*see* Exhibit "F," Dominguez Depo. 5-6].

The burden is clearly on Defendant to produce a corporate representative to testify as to areas designated by Plaintiff pursuant to Rule 30(b)(6). *QBE Ins. Corp. v. Jorda Enter., Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) ("The designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice or subpoena."). As such, Defendant should be precluded from arguing or presenting testimony as to the areas that it did not produce a Rule 30(b)(6) corporate representative to testify for deposition. *Id.* at 681.

This issue significantly ties together with other portions of this Motion, including deposition testimony provided by a non-designated lay witness that Plaintiff seeks to exclude as prohibited under Federal Rule of Evidence 701, among other reasons. Defendant should not be allowed to skirt the Rules in order to present testimony at trial that has not been previously and properly disclosed, and as a result, is highly prejudicial to Plaintiff and will be confusing to a jury. *See id.* at 698.

**2. Carnival's erroneous 0.42 standard for the coefficient of friction, that its tile floors "test well," and that Carnival has "had success" with its tile floors.**

At the deposition of Mr. Guillermo ("Willy") Dominguez, Carnival's safety department manager, Mr. Dominguez testified that Carnival utilizes a coefficient of friction ("COF") of 0.42 as its applicable safety standard when conducting annual tests of its tile floors—specifically, the tile floor that Plaintiff slipped on in this case. [*See* Exhibit "G," Dominguez Depo. 11:15-13:9]. Defendant never disclosed Mr. Dominguez as an expert in this case. [*See* Def's Expert Discl., D.E. 36; & Order striking, D.E. 42]; *see also* Fed.R.Evid. 701. Nor was Mr. Dominguez designated to provide testimony on behalf of Carnival pursuant to Rule 30(b)(6). *See* Exhibit "F". Further, Mr. Dominguez does not have sufficient and reliable personal knowledge of this standard nor its applicability; therefore, any such testimony or argument from Carnival that 0.42 is the proper and applicable COF standard should be excluded at trial.

**A. Mr. Dominguez cannot testify to the COF standard pursuant to FRE 701.**

As Mr. Dominguez was never disclosed as an expert witness,[1] he is barred from testifying as to "scientific, technical, or other specialized knowledge within the scope of Rule 702."

---

[1] This Court struck Defendant's only previously disclosed expert witness. [*See* D.E. 42]. Notwithstanding, Mr. Dominguez was not on that list. [*See* D.E. 36].

Fed.R.Evid. 701. The coefficient of friction of flooring material is specifically within the realm of a qualified expert, pursuant to the Eleventh Circuit opinion in *Rosenfeld v. Oceania Cruises, Inc.*, where the court found that "[a] qualified expert who uses reliable testing methodology may testify as to the safety of a defendant's choice of flooring, determined by the surface's coefficient of friction," because "matters of slip resistance and surface friction are 'beyond the understanding and experience of the average lay citizen.'" 654 F.3d 1190, 1193-94 (11th Cir. 2011). *See also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1282 (11th Cir. 2015) (finding the district court abused its discretion by excluding the ASTM standard put forth by Dr. Zollo, which provided a 0.60 minimum COF standard).

Additionally, Plaintiff has timely and properly disclosed a liability expert in this case, Mr. Ronald F. Zollo, Ph.D., who provided a written and signed report citing the appropriate COF standard as 0.60, pursuant to the ASTM F1166-07. Defendant disclosed no rebuttal expert in response.

Undoubtedly, Mr. Dominguez is attempting to testify on matters that are outside the scope of his role as a lay witness and as such, are properly excluded. Fed.R.Evid. 701; *Rosenfeld*, 654 F.3d at 1193-94; *Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1250-51 (11th Cir. 2018) (affirming the district court's exclusion of homeowner's own valuation testimony in toxic tort suit under FRE 701).

### B. Mr. Dominguez has no personal knowledge of the applicable COF standard.

Carnival never provided any documentation supporting the improper testimony that 0.42 is the applicable and proper standard to utilize when testing the COF of a wet tile floor in a marine environment, neither during Mr. Dominguez's deposition nor in discovery. Further, Mr. Dominguez failed to identify any documentation in support of his 0.42 COF standard, and further

testified that any such documentation does not exist. [Exhibit "H," Dominguez Depo. 18:6-13]. Notably, Mr. Dominguez had trouble himself identifying the source of this erroneous COF standard. [*See* Exhibit "I," Dominguez Depo. 12:15-20].

Moreover, Mr. Dominguez gave contradictory testimony. During his deposition, Mr. Dominguez authenticated a study commissioned by Carnival in 2013 of the COF of the tile floor onboard another vessel, the *Carnival Breeze*. [*See* Exhibit "J," Dominguez Depo. 29:21-30:16; Exhibit "K," copy of study]. Significantly here, this study cites 0.50 as the "industry-accepted value" COF applicable to the tile floors. [Exhibit "K" at 4]. As a result, the testimony given by Mr. Dominguez as to the 0.42 standard inherently contradicts Carnival's own study that was authenticated by Mr. Dominguez.

There is no question that this 0.42 COF standard also assumes facts not in evidence, is unsubstantiated, unauthenticated, and constitutes *pure hearsay*, and would therefore be unduly prejudicial to the Plaintiff and undoubtedly confusing to the jury. Mr. Dominguez is neither a qualified expert nor does he have the requisite personal knowledge to testify as to the applicable COF standard in this case. Based on this erroneous 0.42 standard, Mr. Dominguez repeatedly testified that Carnival's tile floors "tested well" and that Carnival had seen "success" with its tile floors. [*See* Exhibit "L," Dominguez Depo. 66:19-23; *id.* at 38:5-7]. Any such testimony regarding the 0.42 COF standard or how "well" or "successful" Carnival's tile floors performed during such tests is therefore properly excluded at trial.

### 3. Letters of Protection or any physician/law firm relationship.

While Plaintiff did testify that she believed she signed some kind of agreement with Dr. Roush, one of her treating physicians [*See* Exhibit "M," Pltfs' Depo. 85:9-16], no such letter of protection ("LOP") was requested in discovery or produced in this case. Defendant has no written

LOP or any such similar agreement in its possession that is signed by the Plaintiff relating to her treatment in this matter; in fact, Defendant did not even depose Dr. Roush.

Based on the line of questioning presented at Plaintiff's deposition, Plaintiff anticipates that Defendant will attempt to argue or insinuate that Plaintiff's treating physicians utilize LOPs, that Plaintiff's attorneys' referred Plaintiff to her treaters, or that a relationship exists between Plaintiff's attorneys' and Plaintiff's treating physicians. Any such argument or insinuation would be completely improper pursuant to the Florida Supreme Court's recent decision in *Worley v. Cent. Fla. Young Men's Christian Ass'n*, 228 So. 3d 18, 23-24 (Fla. 2017), which limited evidentiary attacks on treating physicians based on bias. Accordingly, Defendant should be precluded from raising these issues at trial.

### 4. Other cases in which Plaintiff's expert has offered testimony or has been challenged or stricken under *Daubert*.

It is well-established that previous *Daubert* motions and similar attacks to limit or preclude an expert's testimony in another case is a collateral matter that is not properly before a jury in the current case where the expert is expected to testify. "The law is well settled that it is improper to litigate purely collateral matters solely for the purpose of impeaching a party or witness." *General Motors Corp. v. McGee*, 837 So. 2d 1010, 1036 (Fla. 4th DCA 2002) (citation omitted). Inadmissible, collateral evidence is "neither (1) relevant to prove an independent fact or issue nor (2) would discredit a witness by establishing bias, corruption, or lack of competency on the part of the witness." *Strasser v. Yalamanchi*, 783 So. 2d 1087, 1095 (Fla. 4th DCA 2001) (citation omitted).

As such, Plaintiff moves to preclude Defendant from referencing any other cases where Dr. Ronald Zollo, Ph.D. was retained, proffered testimony, and was attacked under *Daubert* or any

other basis, and the other courts' rulings pertaining to Dr. Zollo's testimony in those cases.[2] Any such collateral matters would only serve to invite confusion with the jury, and to improperly place the expert on trial. As the Florida Supreme Court noted in *Cruse v. State*, 588 So. 2d 983, 988 (Fla. 1991), "[i]f such inquiry were permissible, every trial involving expert testimony could quickly turn into a battle over the merits of prior opinions by those experts in previous cases, malpractice suits filed against them, and Department of Professional Regulation allegations." Accordingly, Defendant should be precluded from raising any such collateral issues pertaining to Dr. Zollo at this trial.

### 5. Any attacks on Plaintiff's credibility as related to her pain or symptoms.

At the deposition of Dr. Renuka Rangan, M.D., Defendant's shipboard physician, Dr. Rangan testified that the signs of pain are increased heart rate and blood pressure, and that Plaintiff did not present these symptoms upon her visit to the ship's infirmary. [*See* Exhibit "N," Rangan Depo. 46-47]. Dr. Rangan also testified that she did not believe Plaintiff would develop soreness in other areas of her body after more than a day following the incident. [*See id.* at 52-53]. Dr. Rangan's testimony improperly suggests that Plaintiff was malingering, or faking her pain.

Any such suggestion that Plaintiff's complaints of pain following her slip and fall lack credibility are completely improper for Defendant to introduce at trial, as they would invade the fact-finding province of the jury. *United States v. Beasley*, 72 F.3d 1518 (11th Cir. 1996) ("Expert medical testimony concerning the truthfulness or credibility of a witness is generally inadmissible because it invades the jury's province to make credibility determinations."); *Davis v. State*, 527 So. 2d 962 (Fla. 5th DCA 1988) (holding that the trial court erred in failing to exclude the

---

[2] Despite not deposing Dr. Zollo, counsel for Defendant would not agree to the relief requested here. Therefore, there are no evidentiary citations to supply on behalf of this section.

testimony of an expert psychologist regarding a witnesses' truthfulness). It is the function of the jury to weigh the Plaintiff's credibility—not that of Carnival's ship doctor.  Defendant is properly precluded from making any such arguments or introducing any such testimony at trial.

**6. Any argument that Dr. Zollo's XL Tribometer has been "disavowed" in the scientific community.**

Near the end of the deposition of Ms. Monica Petisco, Carnival's corporate representative, counsel for Defendant asked Ms. Petisco if she was aware that one of the tools used by Dr. Zollo, an "XL Tribometer," had been disavowed in the scientific community.  [*See* Exhibit "O," Petisco Depo. 178-79].  While Ms. Petisco did not know the answer to this question, Plaintiff anticipates that Defendant will attempt to introduce similar testimony at trial.  Any such testimony lacks a sufficient scientific basis and should be precluded.

As explained above, Defendant has no expert witness to introduce this testimony and provided no Rule 30(b)(6) Carnival representative to testify as to Carnival's policies and procedures when testing its floors.  Mr. Dominguez was specifically not produced to testify on behalf of Carnival.  [*See* Exhibit "F".]  He was also not disclosed as an expert witness in this case, despite providing testimony as to the effectiveness of Dr. Zollo's "XL" machine used to test the COF.  [*See* Exhibit "J" at 31:15-16].  *See also* Fed. R. Evid. 701.  Accordingly, Carnival should be precluded from making any argument that Dr. Zollo's tools used in this case have been "disavowed" in the scientific community, or any similar arguments, as Carnival has not provided a valid basis to introduce any such argument or testimony at trial.

**WHEREFORE**, Plaintiff, ZELMA SIPLIN, respectfully requests that this Court grant her Motion *in Limine* and preclude Defendant, Carnival, from presenting testimony, evidence, or

argument on any of the foregoing topics at trial, and order any further relief this Court deems just and proper.

## CERTIFICATION PURSUANT TO S.D. LOCAL R. 7.1(a)(3)

Pursuant to Southern District Local Rule 7.1(a)(3), and this Court's Trial Order [D.E. 10], counsel for the parties conferred prior to filing this Motion, and while counsel for Defendant was unable to agree to the relief sought in the foregoing Motion, Defendant agreed not to oppose the following issues, which therefore do not remain contested and are not included in the foregoing Motion pursuant to the Court's instructions contained in the Trial Order [D.E. 10]:

(1) No collateral sources shall be mentioned at trial, including write-offs, and the issue of collateral sources will be addressed by the Court post-verdict;

(2) No mention of Plaintiff's prior shoulder condition and medical treatment will occur at trial;

(3) Defense witness Muhammad Jamaluddin will not be called to testify at trial [*see* Def's Witness List, D.E. 11].

(4) Carnival will not dispute that it was involved in design and selection of the tile floor involved in Plaintiff's incident onboard the *Carnival Victory*.

Respectfully submitted this 8th day of June, 2018.

BILLERA LAW, PLLC
2201 NW Corporate Blvd., Suite 200
Boca Raton, FL 33431
Tel. 561-218-4639
Fax 561-826-7847
*Counsel for Plaintiff*

By: */s/ Jessica Quiggle*
    Jessica Quiggle, Esq.
    Fla. Bar No. 107051

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via E-Mail through the CM/ECF system on this 8th day of June, 2018, to counsel for Defendant, Carnival, J. Michael Magee, Esq., at mmagee@carnival.com, CARNIVAL CRUISE LINES, 3655 NW 87th Ave., Miami, Florida 33178, and co-counsel for Plaintiff, Joseph Madalon, Esq. at pleadings@madalonlaw.com.

    */s/ Jessica Quiggle*
**JESSICA QUIGGLE, ESQ.**
Florida Bar No. 107051
maritime@billeralaw.com